EL PUEBLO DE PUERTO RICO, demandante y apelado, v. JUAN J. GERARDINO, acusado y apelante.

No. 2754.—*Visto:* Enero 24, 1927. *Resuelto:* Julio 20, 1927.

1. "INDICTMENT" Y ACUSACIÓN—REQUISITOS Y SUFICIENCIA DE LA ACUSACIÓN—MATERIAS SUPERFLUAS O COMPLEMENTARIAS—EN GENERAL.—En acusación bajo el artículo 54 de la Ley de Seguros No. 66 de 1921 (p. 565) que imputa el cargo esencial de que el acusado, a sabiendas e intencionalmente, introdujo en una solicitud de seguro el detalle de que confirmaba la respuesta y confirmaciones hechas por el asegurado, el uso de frase "desfigurando la verdad de los hechos" pueden considerarse como complementarias o superfluas.

2. SEGUROS—"CONTROL" Y REGLAMENTACIÓN EN GENERAL—DELITOS POR PERSONAS QUE REALIZAN NEGOCIOS CON LOS ASEGURADORES—INFORMES O DETALLES FALSOS EN SOLICITUD DE SEGURO—CONFIRMACIÓN DE RESPUESTAS, DECLARACIONES Y CONVENIOS HECHOS POR EL ASEGURADO.—Siendo la confirmación de las respuestas, declaraciones y convenios hechos por el asegurado una condición precedente al otorgamiento de una póliza aquel que agregue a sabiendas su firma a tal confirmación, introduce en la solicitud un detalle—que confirma las respuestas y declaraciones del asegurado—a los efectos del artículo 54 de la Ley de Seguros.

3. SEGUROS—"CONTROL" Y REGLAMENTACIÓN EN GENERAL—DELITOS POR PERSONAS QUE REALIZAN NEGOCIOS CON LOS ASEGURADORES—INFORMES O DETALLES FALSOS EN SOLICITUD DE SEGURO—CONFIRMACIÓN DE RESPUESTAS, DECLARACIONES Y CONVENIOS HECHOS POR EL ASEGURADO.—Aquel que agregue su firma a la confirmación impresa en una solicitud de seguro a sabiendas de que las respuestas, declaraciones y convenios hechos por el asegurado son falsos, introduce una declaración falsa *con relación* a la póliza a los efectos del artículo 54 de la Ley de Seguros.

SENTENCIA de *R. Díaz Cintrón,* (Ponce), declarando culpable al acusado del delito de infracción al artículo 54 de la Ley de Seguros. *Confirmada.*

*Felipe Colón Díaz, José R. Gelpí* y *J. Tous Soto,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El apelante fué declarado culpable de una supuesta infracción a la sección 54 de la "Ley proveyendo lo necesario para la incorporación de compañías de seguros del país, para regular el negocio de seguros en Puerto Rico, y para otros fines," Leyes de 1921, págs. 523–565.

[1] La sección 54 de dicha ley en parte dice así:

"Cualquier solicitante, agente, médico examinador, u otra per-

sona, que, a sabiendas e intencionalmente, emitiere un informe falso, alterara o desfigurara la verdad de los hechos, o introdujera dato, o detalle alguno en una solicitud de seguro, o en un informe, o dictamen con relación a la misma, teniendo conocimiento de que ese dato o detalle no fuere cierto, con la premeditación de obtener honorarios, comisión, dinero u otros beneficios, será culpable de un delito menos grave, . . ."

La acusación, entre otras cosas, dice lo siguiente:

"Que allá por el mes de mayo de 1923 y con anterioridad a la presentación de esta denuncia, en Ponce, que forma parte del Distrito Judicial Municipal de Ponce, P. R., ilegal, a sabiendas e intencionalmente y en ocasión de haberse presentado a la Compañía de Seguros de Vida The Manufacturers Life Insurance Co., que es una corporación extranjera, debidamente autorizada para hacer negocios en Puerto Rico, una solicitud de póliza por Julio F. Rivera, en la que éste declaraba que se encontraba en buen estado de salud, el citado Juan J. Gerardino desfigurando la verdad de los hechos, introdujo en dicha solicitud el detalle de que confirmaba la respuesta y declaración antes dichas de Rivera, haciendo constar que éste estaba en buen estado de salud, teniendo conocimiento de que Rivera estaba enfermo a la fecha de hacerse tal solicitud, . . ."

La persona que redactó esta acusación leyendo la sección 54, *supra,* trató quizá de imputar dos de los posibles delitos que se podían presentar de acuerdo con la misma, o sea, uno cometido por cualquier persona "que introdujera en una solicitud de seguro, o en un informe," etc., y el otro el cometido por cualquier persona que "desfigurara la verdad de los hechos," cometido cada uno de ellos a sabiendas e intencionalmente. Tal vez el acusado pudo hacer que se le aclarara su situación mediante una excepción perentoria fundada en que había duplicidad o ambigüedad, o mediante una moción para eliminar. Nada de esto hizo él. Según los hechos presentados durante el juicio, y generalmente, las palabras "desfigurara la verdad de los hechos" pueden considerarse como complementarias, o que eran superfluas. El cargo esencial es que Juan J. Gerardino, a sabiendas e intencionalmente, introdujo en una solicitud de

seguro el detalle de que confirmaba la respuesta y declaración hecha por Julio F. Rivera, el asegurado, etc.

[2] Mediante estipulación se convino que la prueba en este caso sería la misma que la presentada en el caso de *El Pueblo* v. *Gerardino,* No. 2750 de esta corte, No. 6766 de la corte inferior. Examinando la prueba encontramos la solicitud, que es una sola hoja, contentiva de todas las respuestas y declaraciones escritas hechas por Rivera, en respuesta a las preguntas impresas de la compañía aseguradora. Luego en la misma hoja, un poco más abajo de la firma de Rivera, hallamos en forma impresa la siguiente declaración: "Confirmo las respuestas, declaraciones y convenios que anteceden," y entonces firmó Juan J. Gerardino. No hay duda alguna de lo que él hizo. Surgió una duda con motivo, según se supone, de que Juan J. Gerardino no introdujo nada en el cuerpo de la solicitud sino que meramente firmó una declaración que estaba al pie de la misma.

Según hemos indicado, la solicitud se compone de una sola hoja. En la parte superior tiene el título "Application." Puede decirse que la declaración hecha por el apelante era tan parte de la solicitud como lo eran las respuestas y declaraciones hechas por Rivera. La corroboración, ratificación o confirmación de Gerardino era condición precedente al otorgamiento de la póliza. Este pliego completo era un todo para obtener el seguro. El documento fué expuesto ante Gerardino y la prueba demuestra fuertemente y sin lugar a dudas que él sabía lo que estaba firmando. Por tanto, podemos llegar a la conclusión de que el apelante introdujo literalmente en la solicitud el detalle que confirmaba las respuestas y declaraciones hechas por Rivera.

[3] Sin embargo, también podemos fundar nuestra decisión en bases más amplias. El mal que el estatuto quería castigar era el que una persona introdujera en una decla-

ración que iba a ser usada *con relación* a una solicitud de seguro, cualquiera información o detalle a sabiendas de que era falso. Agregando a sabiendas su firma a la confirmación impresa puesta por la compañía, Gerardino introdujo tal declaración falsa *"con relación"* a la póliza de seguro, de no haberlo hecho directamente. El objeto del estatuto, según demuestran las palabras usadas, era impedir cualquier falsa representación para obtener la póliza. Juan J. Gerardino, el beneficiario según la póliza, a sabiendas e intencionalmente hizo tal falsa representación y creemos que literal y moralmente cayó dentro de la sanción del estatuto. No hubo posibilidad de que por la acusación fuese inducido a creer erróneamente que él hubiese hecho otra cosa que no fuera confirmar las respuestas y declaraciones de Rivera. Esa confirmación puesta deliberadamente fué el cargo esencial héchole en la acusación.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Hutchison disintió.